UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CANDENCE FINCH, TEREASA FLANAGAN, SALLY GEORGE, CHRISTOPHER JUAREZ, KELLI MIMS, and JAMES SHANNON,<br><br>*Plaintiffs*,<br><br>v.<br><br>EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION, FOUNTAIN VALLEY BAPTIST CHURCH, FAITH BAPTIST CHURCH, AIRLINE BAPTIST CHURCH, and FIRST BAPTIST CHURCH,<br><br>*Defendants*. | No. 2:23–cv–02820-MSN-tmp |

# EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

R. Brandon Bundren, BPR #30985
Email: bbundren@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Tel: 615.244.2582

*Attorney for Defendant Executive Committee of the Southern Baptist Convention*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................................... ii

BACKGROUND AND PROCEDURAL HISTORY ..................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. This Court Lacks Subject Matter Jurisdiction. ................................................................... 2

    A. There Is Not Complete Diversity. ........................................................................... 3

    B. The Court Cannot Exercise Federal Question Jurisdiction Because Plaintiffs Have Failed to Allege a Colorable Claim Under Federal Law. ............. 4

    C. The Court Cannot Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims Because It Lacks Original Jurisdiction Over Any Claim. ........ 7

II. The Complaint Should Be Dismissed Because Venue Is Improper. ................................. 7

III. Alternatively, a More Definite Statement of Plaintiffs' Claims Is Warranted. ................. 9

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                        **Page(s)**

*Akno 1010 Market Street St. Louis Mo. LLC v. Pourtaghi*,
   43 F.4th 624, 627 (6th Cir. 2022) ...................................................................................5

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500 (2006) ........................................................................................................5

*Burrell v. Concept AG, LLC*,
   No. 2:18-cv-02265-JTF-tmp, 2019 WL 12762540 (W.D. Tenn. Aug. 23, 2019) ...........................................................................................................................2

*Coffey v. Coffey*,
   No. 2:14-cv-2912-SHL-dkv, 2015 WL 686246 (W.D. Tenn. Feb. 18, 2015) ..........................8

*Glenn-Lopez v. Encompass Health Methodist Rehabilitation Hosp.*,
   No. 2:23-cv-2155-JTF-tmp, 2023 WL 4033952 (W.D. Tenn. June 15, 2023).........................4

*Grant v. Int'l Cruise Shops, Ltd.*,
   No. 06-21402-CIV-GRAHAM, 2007 WL 9702365 (S.D. Fla. Feb. 7, 2007)........................11

*Gucwa v. Lawley*,
   731 Fed.Appx. 408 (6th Cir. 2018)...................................................................................5

*Joslin v. Metro Nashville/Davidson Cnty.*,
   No. 3:12-cv-1284, 2013 WL 2250712 (M.D. Tenn. May 21, 2013) ...............................10, 12

*Kline v. Equifax, Inc.*,
   No. 02:10-cv-2076-JPM-tmp, 2010 WL 1711995 (W.D. Tenn. Apr. 26, 2010).....................11

*Magnum v. Archdiocese of Phila.*,
   No. 06-CV-2589, 2006 WL 3359642, at *2-4 (E.D. Pa. Nov. 17, 2006) ................................6

*Miller v. Bruenger*,
   949 F.3d 986 (6th Cir. 2020) ...........................................................................................4

*Morris-Bey v. Maurice Morris "UBO-Two Tier" Soc. Sec. Trust*,
   No. 10-2113-STA/tmp, 2010 WL 2465463 (W.D. Tenn. June 14, 2010) ..............................7

*Phillip v. Dozier*,
   No. 2:16-cv-02072-JTF-dkv, 2016 WL 11480126, at *3 (W.D. Tenn. Apr. 5, 2016) ...........................................................................................................................9

*Presley v. JP/Politikens HUS*,
   No. 13-2191-JTF-cgc, 2014 WL 763408 (W.D. Tenn. Feb. 24, 2014) ..................................6

*Saro v. Brown*,
    11 Fed.Appx. 387 (6th Cir. 2001).................................................................................5

*Shea v. State Farm Ins. Cos.*,
    2 Fed.Appx. 478 (6th Cir. 2001)...................................................................................3

*Shelby Cnty., TN Justice Com'n & Court Adm'rs v. Bey*,
    No. 2:14-cv-02334-JTF-dkv, 2014 WL 2827454 (W.D. Tenn. June 23, 2014) ........................4

*Smith v. Queener*,
    No. 3:16-3314, 2017 WL 2821727, at *2 (M.D. Tenn. June 5, 2017) ......................................5

*Thurman v. Michael W. Boyd Law Firm*,
    No. 12-2709-JDT-tmp, 2013 WL 1103645 (W.D. Tenn. Mar. 15, 2013) ..............................8, 9

*U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*,
    955 F.2d 1085 (6th Cir. 1992) ......................................................................................3

*Zimmerman v. Poly Prep Country Day School*,
    888 F.Supp.2d 317, 329-30 (E.D.N.Y. 2012)................................................................6

**Statutes and Rules**

28 U.S.C. § 1331..................................................................................................................4

28 U.S.C. § 1367..................................................................................................................7

28 U.S.C. § 1391(b)..............................................................................................................7

28 U.S.C. § 1406(a) .............................................................................................................9

Fed. R. Civ. P. 12(e) .........................................................................................................9, 10

Fed. R. Civ. P. 12(h)(3).........................................................................................................2

Pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure, the Executive Committee of the Southern Baptist Convention (the "Executive Committee") moves for dismissal of the Complaint for lack of subject matter jurisdiction and improper venue. Alternatively, the Executive Committee moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Candence Finch, Tereasa Flanagan, Sally George, Christopher Juarez, Kelli Mims, and James Shannon are individuals who allege they were sexually abused at various churches and church-related facilities located in different states across the country when they were minors. (Doc. 1, PageID #8-10, ¶¶ 35-40.) Plaintiffs allege that most—but not all—of the churches where they were abused are Southern Baptist churches. The alleged abuse purportedly occurred in Colorado, Florida, Illinois, Louisiana, and Alabama. *Id.* Notably, none of the Plaintiffs allege that they were abused or suffered any injury in Tennessee, let alone in this District.

On December 31, 2023, Plaintiffs filed a Complaint against the churches where they allege they were abused, including Fountain Valley Baptist Church ("Fountain Valley Baptist"), Faith Baptist Church ("Faith Baptist"), Airline Baptist Church ("Airline Baptist"), and First Baptist Church ("First Baptist"). Plaintiffs also named the Executive Committee as a defendant. Much of the Complaint is dedicated to summarizing the findings of investigations into "allegations of systemic sexual abuse in the Southern Baptist Convention." (*Id.*, PageID #6, ¶ 30.) The allegations concerning the abuse that Plaintiffs allegedly suffered are considerably less detailed, and they omit key information, including the dates when the alleged abuse occurred and, in two instances, the names of the churches where the alleged abuse occurred.

The Complaint purports to allege claims for negligence, negligence per se, and negligent infliction of emotional distress. (*Id.*, PageID #10-16, ¶¶ 41-63.) It also attempts to allege a RICO

1

claim and a claim for punitive damages. (*Id.*, PageID #16-19, ¶¶ 64-80.) For the reasons set forth below, the Complaint must be dismissed.

## ARGUMENT

The Complaint suffers from obvious facial defects that warrant its dismissal. For example, although the Complaint asserts that this Court has diversity jurisdiction, it is clear from the face of the Complaint that complete diversity does not exist, and it is equally clear that there is no other basis for subject matter jurisdiction. Additionally, while Plaintiffs inexplicably claim that this District is a proper venue because "a substantial part of the events or omissions giving rise to the claims occurred" there (*Id.*, PageID #2, ¶ 17), this assertion is belied by the Complaint, which does not identify any event or omission giving rise to Plaintiffs' claims that occurred within this District. Because this Court lacks subject matter jurisdiction—or, alternatively, because venue is improper—this action must be dismissed.

Alternatively, if the Court declines to dismiss the Complaint, severe pleading deficiencies prejudice the Executive Committee's ability to respond to Plaintiffs' substantive claims. As a result, the Court should order a more definite statement of Plaintiffs' claims so that the Executive Committee can respond accordingly.

### I. This Court Lacks Subject Matter Jurisdiction.

Plaintiffs bear the burden of proving subject matter jurisdiction. *Burrell v. Concept AG, LLC*, No. 2:18-cv-02265-JTF-tmp, 2019 WL 12762540, at *3 (W.D. Tenn. Aug. 23, 2019). "[L]ack of subject matter jurisdiction is a non-waivable, fatal defect." *Id.* (quoting *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs claim that this Court's jurisdiction over this action "is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332[.]" (Doc. 1, PageID #2, ¶ 15.) They also allege that this

Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. (*Id.*, PageID #2, ¶ 16.) As an initial matter, it makes little sense for Plaintiffs to simultaneously assert that diversity jurisdiction exists and that this Court has supplemental jurisdiction over the state law claims because, if diversity jurisdiction existed, there would be no need for the Court to exercise supplemental jurisdiction over any claims. More importantly, however, it is clear from the face of the Complaint that neither of Plaintiffs' alleged bases for jurisdiction exist. First, this Court cannot exercise diversity jurisdiction because complete diversity does not exist. Second, this Court cannot exercise supplemental jurisdiction because this Court does not have original jurisdiction over any claim. Finally, although Plaintiffs have not claimed that this Court may exercise federal question jurisdiction, any attempt to demonstrate that federal question jurisdiction exists here would be unsuccessful for the reasons set forth below. Because this Court lacks subject matter jurisdiction over this action, this Court must dismiss it.

      A.      **There Is Not Complete Diversity.**

Federal courts have jurisdiction over civil actions between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1). "It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction." *U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). Complete diversity means that a plaintiff cannot be a citizen of the same state as any defendant. *Shea v. State Farm Ins. Cos.*, 2 Fed.Appx. 478, 479 (6th Cir. 2001).

It is clear from the face of the Complaint that complete diversity does not exist because Plaintiffs admit that several Plaintiffs reside in the same states as several Defendants. For example, Plaintiffs allege that Plaintiffs Candence Finch and Christopher Juarez are Colorado residents and Defendant Fountain Valley Baptist is located in Colorado. (Doc. 1, PageID #1-2, ¶¶ 3, 6, 10.) Plaintiffs also allege that Plaintiff Kelli Mims is a Louisiana resident and Defendant Airline Baptist

is located in Louisiana. (*Id.*, PageID #2, ¶¶ 7, 12.)[1] This is more than sufficient to destroy complete diversity. Because Plaintiffs have not met their burden of establishing subject matter jurisdiction, the Complaint must be dismissed. *See, e.g., Glenn-Lopez v. Encompass Health Methodist Rehabilitation Hosp.*, No. 2:23-cv-2155-JTF-tmp, 2023 WL 4033952, at *2 (W.D. Tenn. June 15, 2023) (dismissing complaint with prejudice where plaintiff based federal jurisdiction solely on diversity and failed to establish complete diversity).

  **B.**   **The Court Cannot Exercise Federal Question Jurisdiction Because Plaintiffs Have Failed to Allege a Colorable Claim Under Federal Law.**

As noted above, Plaintiffs do not assert that this Court has federal question jurisdiction. Because Plaintiffs bear the burden of establishing subject matter jurisdiction and have not met that burden with regard to federal question jurisdiction here, that should be the end of the matter. However, because Plaintiffs assert that this Court has supplemental jurisdiction over their state law claims, the Executive Committee will address the issue of federal question jurisdiction to demonstrate that the Court lacks original jurisdiction over any claim and therefore may not exercise supplemental jurisdiction.

Federal question jurisdiction exists when a cause of action arises under federal law. 28 U.S.C. § 1331. *See also Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). However, "[a]

---

[1] The Complaint does not allege that the Plaintiffs are citizens of states other than the states where they reside, nor does it allege that Defendants are citizens of states other than the states where they are located. "As a general rule, the place where a person lives is taken to be his proper domicile [and therefore his place of citizenship for the purpose of the diversity analysis] until the evidence establishes the contrary." *Shelby Cnty., TN Justice Com'n & Court Adm'rs v. Bey*, No. 2:14-cv-02334-JTF-dkv, 2014 WL 2827454, at *4 (W.D. Tenn. June 23, 2014). Furthermore, "the party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships." *Akno 1010 Market Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). Because Plaintiffs have not established that any of the parties are citizens of states other than the states where they reside or are located, the Court should treat the parties as citizens of those states for the purpose of the diversity analysis. *See, e.g., Shelby Cnty., TN Justice Com'n & Court Adm'rs*, 2014 WL 2827454, at *4.

claim invoking federal question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it . . . is wholly insubstantial and frivolous." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (cleaned up). *See also Smith v. Queener*, No. 3:16-3314, 2017 WL 2821727, at *2 (M.D. Tenn. June 5, 2017), report and recommendation adopted 2017 WL 2812905 (M.D. Tenn. June 29, 2017) ("A claim that is obviously implausible, completely devoid of merit, or is frivolous fails to raise a substantial [federal] question.").

Here, Plaintiffs assert one claim under federal law: the RICO claim alleged in Count IV. However, it is clear from the face of the Complaint that the RICO claim is "obviously implausible, completely devoid of merit, [and] frivolous." *See, e.g., id.* One of the obvious defects with this claim is the fact that the only personal injuries are at issue here, which cannot form the basis for a RICO claim as a matter of law. *See Saro v. Brown*, 11 Fed.Appx. 387, 388 (6th Cir. 2001) ("A plaintiff has standing to seek a civil remedy under RICO, pursuant to 18 U.S.C. § 1964(c), only if he has been injured in his business or property."). *See also Gucwa v. Lawley*, 731 Fed.Appx. 408, 412 (6th Cir. 2018) (concluding that personal injuries and their associated pecuniary losses cannot form the basis for a cognizable RICO claim).[2]

Plaintiffs allege a series of personal injuries including depression, anxiety, feeling numb, post-traumatic stress reactions, and difficulty maintaining intimate and social relationships, among others. (Doc. 1, PageID #8-10, ¶¶ 35-40; *id.*, PageID #14, ¶ 56.) These alleged injuries clearly are personal ones, which cannot confer RICO standing. Because Plaintiffs' allegations that they have suffered "an inability to maintain gainful education and employment" are closely tied to their

---

[2] As explained in Part III *supra*, due to a lack of clarity in Count IV, the Executive Committee is unable to determine whether Plaintiffs intend to allege a RICO claim against it.

personal injuries (*see id.* PageID #8-10, ¶¶ 35-40), they also do not constitute injuries to business or property, as is required to state a RICO claim.

Cases from other jurisdictions in which plaintiffs alleged similar injuries stemming from alleged sexual abuse demonstrate that Plaintiffs' purported "inability to maintain gainful education and employment" is not an injury to business or property, as is required to confer RICO standing. For example, in *Zimmerman v. Poly Prep Country Day School*, the district court concluded that plaintiffs' injuries arising from alleged sexual abuse, including "diminished educational opportunities and educational accomplishments, diminished vocational opportunities and vocational and career accomplishments, [and] diminished wages and salaries" were "closely associated with [plaintiffs'] personal injuries" and therefore were not injuries to business or property that conferred RICO standing on plaintiffs. 888 F.Supp.2d 317, 329-30 (E.D.N.Y. 2012). In *Magnum v. Archdiocese of Phila.*, the district court evaluated a RICO claim arising from plaintiffs' alleged childhood sexual abuse. No. 06-CV-2589, 2006 WL 3359642, at *2-4 (E.D. Pa. Nov. 17, 2006). The court determined that "[g]iven the overwhelming weight of legal authority on this issue, [it was] compelled to conclude that Plaintiffs' alleged emotional distress, loss of earnings and decreased earnings capacity are personal injuries insufficient to confer RICO standing." *Id.* at *4.

Plaintiffs' failure to allege injuries to business or property renders their RICO claim facially invalid. The inclusion of a RICO claim in the Complaint therefore cannot save this action from dismissal for lack of subject matter jurisdiction. *See, e.g., Presley v. JP/Politikens HUS*, No. 13-2191-JTF-cgc, 2014 WL 763408, at *4 (W.D. Tenn. Feb. 24, 2014) ("In order to survive a motion to dismiss for lack of . . . subject matter jurisdiction, the Plaintiff must . . . establish a *prima facie*

case of RICO in order to survive dismissal with prejudice without the parties having diversity of citizenship.").

> C. **The Court Cannot Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims Because It Lacks Original Jurisdiction Over Any Claim.**

Plaintiffs claim that this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. (Doc. 1, PageID #2, ¶ 16.) However, supplemental jurisdiction is only available where the court has original jurisdiction over at least one claim and the supplemental claims are part of the same "case or controversy." 28 U.S.C. § 1367.

Because the Court lacks jurisdiction over all of Plaintiffs' claims, it cannot exercise supplemental jurisdiction over any of the claims. *See, e.g., Morris-Bey v. Maurice Morris "UBO-Two Tier" Soc. Sec. Trust*, No. 10-2113-STA/tmp, 2010 WL 2465463, at *3 (W.D. Tenn. June 14, 2010) ("Without a basis for federal jurisdiction, the Court cannot exercise supplemental jurisdiction over any . . . state law claims."). Plaintiffs' assertion that this Court has supplemental jurisdiction over certain claims therefore cannot save the Complaint from dismissal for lack of subject matter jurisdiction.

## II. The Complaint Should Be Dismissed Because Venue Is Improper.

Alternatively, the Complaint should be dismissed because this Court is not a proper venue for this action. None of the Defendants reside in this District, and none of the alleged events or omissions giving rise to Plaintiffs' claims occurred in this District. Because this District clearly is an improper venue, the Complaint should be dismissed in its entirety.

The federal venue statute, 28 U.S.C. § 1391, provides in relevant part:

"A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b).

"On a motion to dismiss for improper venue, 'the plaintiff bears the burden of proving that venue is proper.'" *Coffey v. Coffey*, No. 2:14-cv-2912-SHL-dkv, 2015 WL 686246, at *2 (W.D. Tenn. Feb. 18, 2015) (quoting *Gone To The Beach, LLC v. Choicepoint Servs., Inc.,* 434 F.Supp.2d 534, 537-38 (W.D. Tenn. 2006)). *See also Thurman v. Michael W. Boyd Law Firm*, No. 12-2709-JDT-tmp, 2013 WL 1103645, at *2 (W.D. Tenn. Mar. 15, 2013) ("The burden of establishing venue falls on the plaintiff.").

Plaintiffs contend that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because "the Western District of Tennessee is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred." (Doc. 1, PageID #2, ¶ 17.) However, the Complaint does allege that <u>any</u> event or omission giving rise to Plaintiffs' claims occurred within this District. Instead, the Complaint alleges that: (1) Plaintiff Candence Finch was abused at Fountain Valley Baptist in Fountain, Colorado; (2) Plaintiff Tereasa Flanagan was abused at an unidentified church located in Holy Hill, Florida; (3) Plaintiff Sally George was abused at Faith Baptist in Danville, Illinois; (4) Plaintiff Christopher Juarez was abused at an unidentified Southern Baptist church in Auroa [sic], Colorado; (5) Plaintiff Kelli Mims was abused at Airline Baptist in Bossier City, Louisiana; and (6) Plaintiff James Shannon was abused at the Southern Baptist Convention Royal Ambassador Camp through his involvement with First Baptist in Talladega, Alabama. (Doc. 1, PageID #8-10, ¶¶ 35-40.) As a result, venue is not proper under 28 U.S.C. § 1391(b)(2).

While Plaintiffs have only asserted that venue is proper under 28 U.S.C. § 1391(b)(2), the other provisions of the venue statute do not provide a basis for venue in this District either. Venue cannot be based on 28 U.S.C. § 1391(b)(1) because Defendants are not all residents of Tennessee, and, in any event, Plaintiffs have not alleged that any Defendant resides within this District. Additionally, venue cannot be based on 28 U.S.C. § 1391(b)(3) because this case could have, and should have, been brought in a district where some of the alleged events or omissions giving rise to the action occurred.

When a plaintiff files a case in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be dismissed rather than transferred because, as demonstrated above, it is also subject to dismissal pursuant to Rule 12(b)(1). *See, e.g., Thurman*, 2013 WL 1103645, at *3 (concluding that "[t]he interests of justice do not militate in favor of a transfer" where the complaint also was subject to dismissal on other grounds). Dismissal is also warranted "[b]ecause the impropriety of the current venue is . . . obvious from the face of the complaint[.]" *Phillip v. Dozier*, No. 2:16-cv-02072-JTF-dkv, 2016 WL 11480126, at *3 (W.D. Tenn. Apr. 5, 2016), report and recommendation adopted, 2016 WL 2731682 (W.D. Tenn. May 10, 2016).

### III. Alternatively, a More Definite Statement of Plaintiffs' Claims Is Warranted.

The Executive Committee maintains that the Complaint must be dismissed pursuant to Rules 12(b)(1) and 12(b)(3) for the reasons set forth above. However, if the Court declines to dismiss the Complaint, then it should order Plaintiffs to file an amended complaint that includes a more definite statement of their claims.

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot

reasonably prepare a response." "If a pleading fails to specify its allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Joslin v. Metro Nashville/Davidson Cnty.*, No. 3:12-cv-1284, 2013 WL 2250712, at *6 (M.D. Tenn. May 21, 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). "[A] motion for a more definite statement may be granted if a complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Id.* (quoting *E.E.O.C. v. FPM Grp., Ltd.*, 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009)).

While the Complaint generally is not a model of clarity, there are specific issues that severely prejudice the Executive Committee's ability to respond to it. First, and most importantly, Plaintiffs do not identify which Defendants they intend to assert their RICO claim against. In Count IV, Plaintiffs allege that "Defendant(s) are 'persons' or entities within the meaning of U.S.C. Section 1961(3) [defining 'persons']." (Doc. 1, PageID #16, ¶ 65.) It is unclear whether the term "Defendant(s)" is intended to refer to one Defendant, some subset of the Defendants, or all Defendants. While Plaintiffs also allege that "[t]he [Executive Committee] falls within the meaning of 18 U.S.C. Section 1961(4) [defining 'enterprise']," they do not indicate whether they intend to assert a RICO claim against the Executive Committee. (*See id.*, PageID #16-17, ¶ 67), Finally, while references to the "RICO Defendant[s]" appear throughout Count V, that term is never defined, and it is unclear whether it is intended to include the Executive Committee.

The Executive Committee cannot prepare an adequate response to the Complaint since it is impossible to determine which claims it needs to respond to from the face of the Complaint. The Complaint therefore fails to provide the Executive Committee with sufficient notice of the claims asserted against it. *See Joslin*, 2013 WL 2250712, at *6. This deficiency, on its own, is

enough to warrant a more definite statement. *See, e.g., Grant v. Int'l Cruise Shops, Ltd.*, No. 06-21402-CIV-GRAHAM, 2007 WL 9702365, at *1 (S.D. Fla. Feb. 7, 2007) ("Defendants' motion for more definite statement was due to be granted because . . . it was unclear which Defendants were named in which claims.").

The second issue that necessitates a more definite statement is Plaintiffs' failure to identify where certain individual Plaintiffs allegedly were abused. For example, Plaintiff Tereasa Flanagan alleges that she was abused "at a church located in Holy Hill, Florida." (Doc. 1, PageID #9, ¶ 36.) She does not allege that she was abused at one of the Local Church Defendants. Furthermore, she does not allege that the church where she was abused was a Baptist church, let alone a church that is in friendly cooperation with the Southern Baptist Convention. Additionally, Plaintiff Christopher Juarez alleges that he was abused "at a Southern Baptist church in Auroa [sic], Colorado."[3] (*Id.*, PageID #9, ¶ 38.) He does not allege that he was abused at one of the Local Church Defendants, nor does he allege that the church where he was abused is in friendly cooperation with the Southern Baptist Convention.

The allegations regarding the abuse purportedly suffered by these two Plaintiffs are "so excessively vague and ambiguous . . . as to prejudice the defendant seriously in attempting to answer" them. *Kline v. Equifax, Inc.*, No. 02:10-cv-2076-JPM-tmp, 2010 WL 1711995, at *2 (W.D. Tenn. Apr. 26, 2010) (quoting *E.E.O.C. v. FPM Grp., Ltd.*, 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009). The Executive Committee cannot reasonably respond to these allegations without knowing whether the churches where the abuse allegedly occurred were in friendly cooperation

---

[3] The lack of clarity is compounded by the fact that, to the Executive Committee's knowledge, no "Auroa, Colorado" exists. The Executive Committee presumes that Plaintiffs intended to refer to "Aurora, Colorado," but it cannot be certain given the absence of other allegations regarding the location of the abuse.

11

with the Southern Baptist Convention or, at a minimum, without knowing the identities of the churches, which would allow the Executive Committee to independently verify whether the churches were in friendly cooperation. In order to respond to the claims asserted by Plaintiffs Flanagan and Juarez, the Executive Committee must be able to assess whether there is any theory under which it may be legally responsible for the injuries they allegedly suffered. Accordingly, if this Court declines to dismiss the Complaint outright, Plaintiffs should be required to file an amended complaint that clarifies the alleged connections between the Executive Committee and the injuries allegedly suffered by Plaintiffs Flanagan and Juarez. *See, e.g., Joslin*, 2013 WL 2250712, at *6 (ordering plaintiffs to file a second amended complaint that clarified the alleged connections between each defendant and the conduct at issue where the operative complaint "allege[d] that separate incidents occurred but [did not specify] whether each defendant . . . allegedly played a role in either or both incidents").

Finally, Plaintiffs do not identify when the alleged abuse occurred. They state how old they were at the time of the alleged abuse, but they provide no dates. (Doc. 1., PageID #8-10, ¶¶ 35-40.) Nor do Plaintiffs provide information, such as their current ages, that would allow the Executive Committee to deduce the approximate dates of the alleged abuse. Without knowing when the alleged abuse occurred, the Executive Committee cannot adequately respond to Plaintiffs' claims, including by addressing whether Plaintiffs' claims are time-barred.

If the Court declines to dismiss the Complaint on other jurisdictional or venue grounds, then a more definite statement is warranted so that the Executive Committee may prepare a response to Plaintiffs' substantive claims.

## CONCLUSION

For the foregoing reasons, the Executive Committee requests that this Court dismiss the Complaint or, in the alternative, order Plaintiffs to amend the Complaint to provide a more definite statement of their claims.

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren, BPR #30985
Email: bbundren@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Tel: 615.244.2582

*Attorney for Defendant Executive Committee of the Southern Baptist Convention*

## CERTIFICATE OF SERVICE

I certify that on March 25, 2024, I electronically filed the Executive Committee's Memorandum of Law in Support of Its Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement with the Clerk of this Court using the Court's CM/ECF system which will automatically send notification of such filing to all counsel of record listed below:

Michael J. Fuller, Jr. (mike@farrellfuller.com)
Farrell and Fuller

*Attorney for Plaintiffs*

Rachel P. Hurt (rhurt@adhknox.com)
ARNETT, DRAPER & HAYGOOD

*Attorney for Fountain Valley Baptist Church*

Christopher J. Drinkwine (cdrinkwine@heylroyster.com)
HEYL ROYSTER VOELKER & ALLEN

*Attorney for Faith Baptist Church*

Douglas F. Halijan (dhalijan@bpjlaw.com)
Elena R. Mosby (emosby@bpjlaw.com)
BURCH PORTER & JOHNSON

*Attorneys for Airline Baptist Church*

John R. McCann
MITCHELL MCNUTT & SIMS, PA

*Attorney for First Baptist Church*

s/ R. Brandon Bundren
R. Brandon Bundren